UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIVI HOLDING EASTERN CORP., SHAO
LUNG HUANG,

       Plaintiffs,

   v.

KEI YUNG WONG, STY & WKY INC., &
ROCKVILLE VIVI TEA, INC.,

       Defendants.

**ORDER**

20 Civ. 1110 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

    In this action, Plaintiffs Vivi Holding Eastern Corp. and Shao Lung Huang assert Lanham Act claims for trademark infringement, trademark counterfeiting, and unfair competition, and a state law breach of contract claim, against Defendants Kei Yung Wong, STY & WKY Inc., and Rockville Vivi Tea, Inc. (Am. Cmplt. (Dkt. No. 22) ¶¶ 39-58)

    Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(6) for failure to state a claim. (Def. Mot. (Dkt. No. 25); Def. Br. (Dkt. No. 28) at 7-11)

    For the reasons stated below, Defendants' motion to dismiss for lack of personal jurisdiction will be granted.

**BACKGROUND**

**I. FACUAL ALLEGATIONS**

    According to the Amended Complaint, Plaintiff Vivi Holding Eastern Corp. is a New York corporation that has its principal place of business in Flushing, New York. (Am. Cmplt. (Dkt. No. 22) ¶ 8) Plaintiff Shao Lung Huang is the president and owner of Plaintiff Vivi Holding Eastern Corp., and resides in New York. (Id. ¶ 9)

Plaintiffs allege that Defendant Kei Yung Wong resides in Flushing, New York, and owns Defendants STY & WKY Inc. and Rockville Vivi Tea, Inc. (Id. ¶¶ 10, 13) Plaintiffs further allege that Defendant STY & WKY is a Virginia corporation that has its principal place of business in Falls Church, Virginia (id. ¶¶ 11, 24-25), and that Defendant Rockville Vivi Tea is a Maryland corporation that has its principal place of business in Rockville, Maryland. (Id. ¶¶ 12, 27)

Since 2007, Plaintiffs have operated cafes featuring a variety of bubble teas. (Id. ¶ 17) Plaintiffs distribute products and offer services bearing the "Vivi Bubble Tea" brand and logo. (Id. ¶¶ 17, 19) Plaintiffs own four trademarks relating to "Vivi Bubble Tea," including the name "Vivi" and a unique skull design logo. (Id. ¶¶ 8, 18, 21)

In 2017, Defendant Wong approached Plaintiff Huang about obtaining a license to use the "Vivi" mark. (Id. ¶ 22) At some point not specified in the Amended Complaint, Plaintiffs and Defendant Wong entered into a licensing agreement in which Plaintiffs authorized Wong to use the "Vivi" mark. (Id. ¶ 23) In exchange, Defendant Wong agreed to pay Plaintiffs a licensing fee. (Id.) The licensing agreement set conditions regarding (1) Plaintiffs' continued control over the "Vivi" mark; and (2) the quality of goods bearing the "Vivi" mark. (Id.)

The Amended Complaint alleges that Defendants did not pay the licensing fee set forth in the licensing agreement, and that accordingly Defendants' use of the name "Vivi Bubble Tea" is unauthorized and in breach of the licensing agreement. (Id. ¶¶ 29-30, 32, 34-35) The Amended Complaint further alleges that Defendants' acts are "likely to injure Plaintiffs' goodwill and reputation," in that consumers "seeing Defendants' goods purportedly offered and sold under the Vivi Bubble Tea mark . . . [will] likely . . . believe and would be justified in so believing that such goods/services originated with Plaintiffs or were offered in association [or]

2

affiliation with, or under authorization by[,] Plaintiffs." (Id. ¶ 33)  The Amended Complaint alleges that on January 8, 2020, Plaintiffs sent a cease and desist letter to Defendants, but that Defendants have not ended their use of Plaintiffs' trademarks.  (Id. ¶¶ 36-37)

The Amended Complaint asserts claims for trademark infringement, in violation of 15 U.S.C. § 1114(1); trademark counterfeiting, in violation of 15 U.S.C. § 1114; federal unfair competition, in violation of 15 U.S.C. § 1125(a); and breach of contract under New York law. (Id. ¶¶ 39-58)

## II.  PROCEDURAL HISTORY

The Complaint was filed on February 10, 2020.  (Cmplt. (Dkt. No. 1))  In an April 24, 2020 letter, Defendants requested a pre-motion conference in anticipation of their motion to dismiss, arguing that this Court lacks personal jurisdiction over them and that Plaintiffs had not named the proper parties as defendants.  (Apr. 24, 2020 Def. Ltr. (Dkt. No. 15) at 1-3)  In a May 5, 2020 letter, Plaintiffs responded to Defendants' argument that Plaintiffs had not named the proper parties, but did not address Defendants' argument that this Court lacks personal jurisdiction over them.  (May 5, 2020 Pltf. Ltr. (Dkt. No. 17) at 1-2)  Plaintiffs further stated that they intended to amend to address issues raised in Defendants' letter.  (Id. at 2-3)  This Court directed Plaintiffs to file any amended complaint by August 25, 2020.  (Aug. 18, 2020 Order (Dkt. No. 21))  On August 19, 2020, Plaintiffs filed the Amended Complaint.  (Am. Cmplt. (Dkt. No. 22))

In a September 2, 2020 letter, Defendants requested permission to move to dismiss, arguing that the Amended Complaint did not address the defects previously identified. (Sept. 2, 2020 Def. Ltr. (Dkt. No. 23) at 1)  This Court set a briefing schedule for Defendants' motion to dismiss (see May 25, 2021 Order (Dkt. No. 24)), and Defendants filed their motion on July 14, 2021.  (See Def. Mot. (Dkt. No. 25))

## DISCUSSION

I. **LEGAL STANDARDS**

    A.     **Rule 12(b)(2) Standard**

"The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001) (citing Robinson v. Overseas Mil. Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994)). The nature of the plaintiff's burden "varies depending on the procedural posture of the litigation." Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). Prior to discovery, a plaintiff may carry this burden "by pleading in good faith . . . legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations." Id. "A plaintiff can make this showing through his 'own affidavits and supporting materials[,]' . . . containing 'an averment of facts that, if credited . . . , would suffice to establish jurisdiction over the defendant.'" Whitaker, 261 F.3d at 208 (alteration and second omission in original) (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981); Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996)). Accordingly, this Court may consider material outside the pleadings, and must construe such material "'in the light most favorable to plaintiffs, resolving all doubts in their favor.'" S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 138 (2d Cir. 2010) (quoting Porina v. Marward Shipping Co., 521 F.3d 122, 126 (2d Cir. 2008)); see also Ziegler, Ziegler & Assocs. LLP v. China Digit. Media Corp., No. 05 Civ. 4960 (LAP), 2010 WL 2835567, at *2 (S.D.N.Y. July 13, 2010).

    B.     **Personal Jurisdiction**

The determination of whether a federal court has personal jurisdiction over a defendant involves a "two-part inquiry." Metro. Life Ins. Co., 84 F.3d at 567. The court "must

4

[first] determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws." Id. The court "must [then] assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." Id. "Where, as here, the plaintiffs premise their theory of personal jurisdiction upon the New York long-arm statute, [courts] first consider whether the requirements of the statute have been satisfied before proceeding to address whether the exercise of jurisdiction would comport with the Due Process Clause." Licci ex rel. Licci v. Leb. Can. Bank, SAL, 673 F.3d 50, 61 (2d Cir. 2012).

"[C]ontacts with [a] forum may confer two types of jurisdiction – specific and general." In re Parmalat Sec. Litig., 376 F. Supp. 2d 449, 453 (S.D.N.Y. 2005). General jurisdiction "'is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts.'" Id. (quoting Metro. Life Ins. Co., 84 F.3d at 568). "Specific jurisdiction exists when a forum 'exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum.'" Id. (quoting Metro. Life Ins. Co., 84 F.3d at 567-68).

"General jurisdiction over an individual comports with due process in the forum where he is 'at home,' meaning the place of 'domicile.'" Reich v. Lopez, 858 F.3d 55, 63 (2d Cir. 2017) (quoting Sonera Holding B.V. v. Cukurova Holding A.S., 750 F.3d 221, 225 (2d Cir. 2014) (per curiam)). A corporation is only subject to general jurisdiction where its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." Daimler AG v. Bauman, 571 U.S. 117, 127 (2014) (quoting Goodyear Dunlop Tires Operations v. Brown, 564 U.S. 915, 919 (2011)). In the Second Circuit, "except in a truly

5

'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business." Brown v. Lockheed Martin Corp., 814 F.3d 619, 627 (2d Cir. 2016) (citing In re Roman Catholic Diocese of Albany, N.Y., Inc., 745 F.3d 30, 39-41 (2d Cir. 2014)).

New York's long-arm statute provides bases for specific jurisdiction. As relevant here, C.P.L.R. § 302(a)(1) provides that a court may exercise specific personal jurisdiction over a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). To establish personal jurisdiction under this provision, a plaintiff must show that "(1) defendant purposefully availed himself of the privilege of doing business in the forum state such that the defendant could foresee being brought into court there; and (2) plaintiff's claim arises out of or is related to the defendant's contacts with the forum state." Aqua Prods., Inc. v. Smartpool, Inc., No. 04 Civ. 5492 (GBD), 2005 WL 1994013, at *5 (S.D.N.Y. Aug. 18, 2005).

## II.    ANALYSIS

Defendants contend that this case must be dismissed for lack of personal jurisdiction.[1] (Def. Br. (Dkt. No. 28) at 3) The Court considers below whether the record demonstrates either general or specific jurisdiction over the Defendants.

---

[1] Defendants mention in passing that venue is not proper in this District, but they have not cited any case law or made any substantive argument in support of this assertion. (See Def. Br. (Dkt. No. 28) at 6-7; Def. Reply (Dkt. No. 30) at 4) Accordingly, this Court will not address whether venue is proper. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived.") (citing Frank v. United States, 78 F.3d 815, 832-33 (2d Cir. 1996), vacated on other grounds, 521 U.S. 1114 (1997)); In re Gen. Motors LLC Ignition Switch Litig., No. 14 Md. 2543 (JMF), 2021 WL 1415121, at *3 (S.D.N.Y. Apr. 14, 2021) (Where a party "make[s] [a] suggestion only in passing, in the fact section of their memorandum of law, and cite[s] no authority to support it, . . . the argument is forfeited.").

A. **General Jurisdiction**

Although the Amended Complaint alleges that Defendant Wong resides, or previously resided in, New York (Am. Cmplt. (Dkt. No. 22) ¶¶ 10, 15), Plaintiffs do not argue – in opposing Defendants' motion to dismiss – that this Court has general jurisdiction over Defendant Wong. (See Opp. Br. (Dkt. No. 33) at 11) Moreover, Defendant Wong has submitted an affidavit stating that she moved to Maryland in February of 2017 (see Wong Aff. (Dkt. No. 27) ¶ 4), and there is no contrary evidence. This Court "need not accept as true allegations controverted by the defendant's affidavits." Pablo Star Ltd. v. Welsh Gov't, 170 F. Supp. 3d 597, 605 (S.D.N.Y. 2016) (citing MacDermid, Inc. v. Deiter, 702 F.3d 725, 727 (2d Cir. 2012)). Given the record here, this Court finds that Plaintiffs have not demonstrated that this Court has general personal jurisdiction over Defendant Wong.

As discussed above, the Amended Complaint alleges that STY & WKY is a Virginia corporation with its principal place of business in Falls Church, Virginia, and that Rockville Vivi Tea is a Maryland corporation with its principal place of business in Rockville, Maryland. (Am. Cmplt. (Dkt. No. 22) ¶¶ 11-12) Accordingly, STY & WKY is subject to general jurisdiction in Virginia, and Rockville Vivi Tea is subject to general jurisdiction in Maryland. See Daimler AG, 571 U.S. at 127; Brown, 814 F.3d at 627. For purposes of general jurisdiction, a corporation is "at home" only in the state in which it is incorporated or has its principal place of business. See Brown, 814 F.3d at 627. Accordingly, even if Defendant Wong were a citizen of New York, the allegation that she owns these corporations would not be sufficient to establish general jurisdiction over Defendants STY & WKY and Rockville Vivi Tea.

While Plaintiffs argue that "Vivi Bubble Tea (Arlington CO) is an assumed or fictitious name of STY & WKY" (Opp. Br. (Dkt. No. 31) at 11; see also Am. Cmplt. (Dkt. No. 22) ¶¶ 11, 26), that fact has no bearing on the general jurisdiction analysis. As discussed above, Defendant STY & WKY is incorporated in Virginia and has its principal place of business in that state. Accordingly, it is subject to general jurisdiction in Virginia. See Brown, 814 F.3d at 627.

Plaintiffs have not demonstrated that this Court has general jurisdiction over Defendant STY & WKY or Defendant Rockville Vivi Tea.

B. **Specific Jurisdiction**

Plaintiffs allege that "[t]his Court has personal jurisdiction over Defendants because Defendant . . . Wong lived in New York[,] and she is the sole owner of STY & WKY and Rockville Vivi Tea." (Am. Cmplt. (Dkt. No. 22) ¶ 15) As an initial matter, these allegations do not establish specific jurisdiction over any Defendant, as this suit does not arise out of or relate to where Defendant Wong lives or the fact that she owns the corporate Defendants. See In re Parmalat Sec. Litig., 376 F. Supp. 2d at 453. Moreover, an individual's ownership of a corporation generally does not provide a basis for the exercise of specific jurisdiction. See Ontel Prods., Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1148 (S.D.N.Y. 1995) (citing Lamar v. Am. Basketball Ass'n, 468 F. Supp. 1198, 1203 (S.D.N.Y. 1979)) ("[T]he individual who owns a corporation is generally not subject to personal jurisdiction as a result of the corporation's activities unless (1) the corporate veil can be 'pierced' or (2) the corporation acted as an agent for the owner.").

Plaintiffs go on to argue that Defendant Wong, as the sole owner of Defendant STY & WKY, and "acting as the president of the corporation, caused to be filed a certificate of trade name for corporation on behalf of STY & WKY," and that the receipt from the

Commonwealth of Virginia State Corporation Commission (the "Commission") "acknowledges [that] STY & WKY[]'s assumed or fictious name certificate stat[es] the name as ViVi Bubble Tea (Arlington Co) – the trademark violation at issue."[2] (Opp. Br. (Dkt. No. 33) at 12) The Amended Complaint states, however, that Defendant STY & WKY – and not Defendant Wong – filed the fictitious name certificate. (Am. Cmplt. (Dkt. No. 22) ¶¶ 11, 26) In any event, none of the facts concerning STY &WKY's assumed or fictitious name connects Defendants to New York such that this Court may exercise specific jurisdiction over them.

Exhibit E to the Amended Complaint shows that Defendant Wong signed and had notarized in New York a "Certificate of Trade Name for Corporation." The certificate relates to STY & WKY's use of a trade name in conducting business in Virginia. (See Am. Cmplt., Ex. E (Dkt. No. 22-1) at 13) Exhibit E further shows that Defendant Wong sent a letter to the Commission concerning STY & WKY's assumed or fictitious name, and that her letter lists a New York address as a return address. (See id. at 12) Finally, Exhibit E shows that the Commission sent a receipt to Defendant Wong at a New York address, acknowledging her letter. (See id. at 11) Acknowledging this evidence, it does not demonstrate that any Defendant "transact[ed] . . . business" in New York within the meaning of C.P.L.R. § 302(a)(1). A person who seeks permission from a Virginia state commission for a Virginia corporation to use an assumed or fictitious name – and who lists a return address in New York, signs the application in New York, and has her signature notarized in New York – has not transacted business in New York. Plaintiffs have not shown that Defendant Wong and Defendant STY & WKY purposefully availed themselves of the privilege of doing business in New York.

---

[2] Although Plaintiffs cite to an exhibit that is not annexed to their brief (see (Opp. Br. (Dkt. No. 33) at 12), Exhibit E to the Amended Complaint appears to contain the assumed or fictitious name documents to which Plaintiffs refer. (See Am. Cmplt., Ex. E (Dkt. No. 22-1) at 11-13)

9

And while Plaintiffs argue in their opposition brief that their "claims arise from those Defendant[s'] contacts in New York" (Opp. Br. (Dkt. No. 33) at 12), this argument is not supported by any factual allegations in the Amended Complaint. Plaintiffs do not allege that any business that Defendants transacted took place in New York or otherwise formed a connection with New York. The Amended Complaint merely alleges that Defendant Wong registered the Defendant corporations in Virginia and Maryland. (Am. Cmplt. (Dkt. No. 22) ¶¶ 24-25, 27) The Amended Complaint is silent as to where any Defendant transacted business.

The Court concludes that Plaintiffs have not carried their burden to allege facts demonstrating that this Court has specific jurisdiction over the Defendants.

\*   \*   \*   \*

Because Plaintiffs have not shown a basis for this Court to exercise personal jurisdiction over the Defendants, Defendants' motion to dismiss will be granted.[3]

### C.   Leave to Amend

"When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999) (citing Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir. 1990)). "Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Koehler v. Bank of Berm. (N.Y.) Ltd., 209 F.3d 130, 138 (2d Cir. 2000)).

Here, the Court cannot find that no amendment could cure the defects identified in this Order. Accordingly, Plaintiff is granted leave to amend. Any motion for leave to file a

---

[3] Having concluded that it lacks personal jurisdiction over the Defendants, the Court does not reach Defendants' argument that the Amended Complaint fails to state a claim.

Second Amended Complaint will be served and filed by **February 1, 2023**. The proposed Second Amended Complaint is to be attached as an exhibit to the motion.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted. The Clerk of Court will terminate the motion (Dkt. No. 25).

Dated:  New York, New York
       January 19, 2023

                           SO ORDERED.

                           _____
                           Paul G. Gardephe
                           United States District Judge